**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>                    Defendants. | Case No. 24-cv-03255<br><br>**Judge Sunil R. Harjani**<br><br>**Magistrate Judge Jeffrey Cole** |

<u>**PLAINTIFF'S MEMORANDUM ESTABLISHING THAT JOINDER IS PROPER**</u>

Plaintiff Microsoft Corporation ("Microsoft" or "Plaintiff") submits the following memorandum establishing that joinder is proper:

**I.     INTRODUCTION**

Microsoft filed this case to prevent e-commerce store operators who trade upon Microsoft's reputation and goodwill from further selling and/or offering for sale products using infringing and counterfeit versions of Microsoft's federally registered trademarks (collectively, the "Unauthorized Products"). Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A to the Complaint (the "Seller Aliases"). [1] at ¶ 2. E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. *Id.* at ¶ 3.

Microsoft faces a "swarm of attacks" on its trademarks and "filing individual causes of action against each [infringer] ignores the form of harm" that Microsoft faces. *Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511, 517 (N.D. Ill. 2020). Joinder is appropriate in this case because Fed. R. Civ. P. 20's inclusion of the term "occurrence" should allow plaintiffs to join defendants, who commonly participate in such unlawful occurrences, in a single case. *Id. See also Chrome Cherry Limited v. The P'ships, et al.*, Case No. 21-cv-05491, 2021 WL 6752296, at *1 ("the Court finds that although Plaintiff has not sufficiently demonstrated that the asserted claims arise out of the same transaction or series of transactions, Plaintiff has sufficiently demonstrated that they arise out of the same occurrence or series of occurrences. Therefore, joinder of the 'Schedule A' Defendants is proper at this preliminary stage. Fed. R. Civ. P. 20(a)(2)(A). The Court additionally notes that no Defendants are prejudiced by permitting joinder at this juncture."); *see also Spin Master Ltd., et al. v. The P'ships, et al.*, No. 1:22-cv-03904 (N.D. Ill. Nov. 7, 2022) (unpublished) [27] (same); *Fear of God, LLC v. The P'ships, et al.*, 1:22-cv-03498 (N.D. Ill. Nov. 2, 2022) (unpublished) [25] (same).

Well-pleaded allegations in Microsoft's Complaint establish that Defendants are working in a similar manner to sell Unauthorized Products as part of the same "occurrence" of mass harm. *See Bose Corp.*, 334 F.R.D. at 516. Joinder at this stage also comports with the strongly encouraged policy of "entertaining the broadest possible scope of action consistent with fairness to the parties." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). As the *Bose* Court made clear, when brand owners' rights are attacked by a swarm like Defendants, it is reasonable to come to the Court to shelter against such conduct, and "[j]oinder is appropriate in such circumstances." *Bose Corp.*, 334 F.R.D. at 517.

Furthermore, Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Microsoft's intellectual property rights with impunity. [1] at ¶ 3; *see also Bose Corp.*, 334 F.R.D. at 516 ("The kind of harmful occurrences the internet enables—including mass foreign [intellectual property infringement]—were inconceivable when Rule 20 was drafted"). Online marketplace platforms, like those used by Defendants, do not adequately subject sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." [1-3] at p. 32; *see also* [1-4] at pp. 12, 23, finding that on "at least some e-commerce platforms, little identifying information is necessary … to begin selling" and that "[t]he ability to rapidly proliferate third-party online marketplaces greatly complicates efforts, especially for intellectual property rights holders." Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by establishing multiple virtual storefronts. [1-4] at p. 23. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. *See* [1-4] at p. 40. Further, "[e]-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringements] and [infringers]." [1-3] at pp. 32-33. Specifically, brand owners are forced to "suffer through a long and convoluted notice and takedown procedure only [for the infringing seller] to reappear under a new false name and address in short order." [1-3] at p. 7.

At this early stage of litigation, joinder is proper in order to allow Microsoft a fair chance at seeking relief for the widespread infringement of its trademarks. The foregoing demonstrates the

importance of using cases like this to assist in combating online intellectual property infringement, and the difficulties intellectual property rights holders face when identifying the relationships between various e-commerce store operators engaging in the same infringing conduct.

## II.   ARGUMENT

### a.   Legal Standard

Regarding permissive joinder under Fed. R. Civ. P. 20(a), the Supreme Court has stated "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *In re EMC Corp.,* 677 F.3d 1351, 1358 (Fed. Cir. 2012) (quoting *Gibbs*, 383 U.S. at 724).  The Seventh Circuit has also instructed that the purpose of a liberal Rule 20(a) joinder requirement "is to enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).  This rule is intentionally designed to allow flexibility, so the Court is empowered to allow effective trial management. *See In re EMC Corp*., 677 F.3d at 1358 (citing 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed. 2001).

As to the first prong of Fed. R. Civ. P. 20(a)(2), courts have applied the "transaction or occurrence" requirement using a "case-by-case approach" based on a "flexib[le] … standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *In re EMC Corp.*, 677 F.3d at 1358.  The Seventh Circuit has not fashioned a definitive standard for determining what constitutes a single transaction or occurrence.  *See Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) ("a case-by-case approach is generally pursued because no hard and fast rules have been established") (citations omitted).  "Transaction or occurrence" is also not defined in Rule 20(a).

4

In analyzing whether parties are properly joined under Rule 20, "the term 'transaction' is a word of flexible meaning that 'may comprehend a series of many occurrences, depending not as much upon their immediateness of their connection as upon their logical relationship.'" *Moore v. N.Y. Exch.*, 270 U.S. 593, 610 (1926); *see also Burlington N.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990) (applying the "logical relationship" test to determine whether the "transaction or occurrence" is the same for purposes of Rule 13(a)). This Court maintains flexibility and "considerable discretion" in determining whether Microsoft has plausibly alleged such a relationship. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018); *Lozada v. Citv of Chicago*, 2010 WL 3487952 at *2 (N.D. Ill. Aug. 30, 2010). The Northern District of Illinois has considered factors such as whether conduct at issue occurred during the same time period, involved similar individuals, *or involved similar conduct*. *Id.*

Absolute identity of all the events alleged is unnecessary: for example, other Circuits have applied the "logical relationship test" to interpret the "same transaction or occurrence" standard in Rule 20(a). *Mosley v. General Motors Corp.*, 497 F.2d, 1330, 1332-3 (8th Cir. 1974) ("the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"); *see also Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000). Rule 20 similarly does not define "occurrence" and courts have generally not considered the meaning of "occurrence" apart from the meaning of "transaction." *Bose Corp.,* 334 F.R.D. at 516. However, "canons of construction ordinarily suggest that terms connected by a disjunctive ... be given separate meanings," and the dictionary definitions suggest that "occurrence" is much broader than "transaction." *Id.* An "occurrence" has been defined as something that simply happens or appears and is not necessarily the product of joint or coordinated action. *Id.; see also Spin Master Ltd., et al. v. The P'ships, et al.*, No. 1:22-cv-03904

(N.D. Ill. Nov. 7, 2022) (unpublished) (citing Fed. R. Civ. P. 20(a)(2)(A)) [27] ("Plaintiffs have sufficiently demonstrated [their claims] arise out of the same occurrence or series of occurrences. Therefore, joinder … is proper at this preliminary stage.")

### b. Microsoft's Complaint Pleads Sufficient Facts to Establish Joinder at this Stage

"In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations of the plaintiff's complaint as true." *Desai v. ADT Sec. Services, Inc.*, 2011 WL 2837435 at \*3 (ND. Ill. July 18, 2011) (citing *Deskovic v. Citv of Peekskill*, 673 F. Supp. 2d 154,159 (S.D.N.Y. 2009). The Court should construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008*); Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff only needs to plead enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting its allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Microsoft's well-pleaded allegations[1] establish that Defendants are operating in the same transaction, occurrence, or series of transactions or occurrences, rendering joinder proper. For example, Microsoft alleged the Defendants (1) conceal their identities and the full scope of their infringing operations in an effort to deter Microsoft from learning their true identity ([1] at ¶¶ 3, 18, 26), (2) offer no credible information regarding their physical addresses ([1] at ¶ 21), and (3) show evidence of market coordination, i.e., using the same advertising and marketing strategies to target consumers while attempting to evade enforcement ([1] at ¶¶ 23-29). Additionally, Microsoft

---

[1] The Court must construe the Complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081. The Court should avoid speculating that the commonalities across the Defendants' e-commerce stores are a coincidence and that Defendants are acting in a similar, but independent, manner.

alleged the Defendants' Seller Aliases lack any verifiable contact information in their storefronts or product listings and that the Defendants engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms. [1] at ¶ 25. None of the Seller Aliases have verifiable contact information nor do they correspond to any type of identifiable entity. *See* Declaration of Martin F. Trainor (the "Trainor Dec.") at ¶ 2.

Additional well-pleaded facts include that "Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies" ([1] at ¶ 23) and that the Seller Aliases share identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other online marketplaces they operate or use. [1] at ¶ 32. For example, many of the item titles of the Unauthorized Products offered for sale and/or sold by Defendants are nearly identical or very similar to one another, including the use of Microsoft's trademarks. Trainor Dec. at ¶ 3.

Microsoft's specific factual allegations that Defendants are working in a similar manner and during the same time period to sell Unauthorized Products, collectively in the same "occurrence of mass harm," show a logical relationship supporting joinder. *Bose Corp*., 334 F.R.D. at 516 ("Rule 20's inclusion of the term 'occurrence' should allow plaintiffs to join in a single case the defendants who participate in such unlawful occurrences, despite the lack of a 'transactional link.' The kind of harmful occurrences the internet enables - including mass foreign counterfeiting - were inconceivable when Rule 20 was drafted. But the Rule's inclusion of the term 'occurrence' suggests that joinder is appropriate in cases alleging harm that is not strictly 'transactional.'").

It is unnecessary for Microsoft to plead an explicit transactional link between the Defendants in order to establish joinder. *Id.* Rather, Microsoft has adequately demonstrated that the

Defendants are operating collectively to "violate Plaintiff's intellectual property rights with impunity." [1] at ¶ 3; *see id.* *Bose* correctly noted the reality of the harm intellectual property rights holders face with foreign e-commerce infringement:

> Every individual [infringer] can be said to cause a distinct injury. But that is not Bose's reality. Bose does not perceive any one [infringer] to be the problem. Each injury by itself is relatively inconsequential to Bose. Rather, it is the injuries in the aggregate - the swarm that is harmful and from which Bose seeks shelter. From Bose's perspective, filing individual causes of action against each [infringer] ignores the form of harm it faces. Seeking relief against each member of the swarm one by one defies common sense, because it is the swarm - the fact that all Defendants are attacking at once - that is the defining aspect of the harm from which Bose seeks relief. Joinder of all defendants who are part of the swarm attacking Bose's trademarks flows easily from conceptualizing the swarm as the relevant Rule 20 "occurrence."

*Id. at 517.*

Microsoft faces an identical situation as the plaintiff in *Bose* and is similarly not required to demonstrate that Defendants are commonly coordinated from a singular or common source at the pleading stage. *Id.* Such linking efforts are cumbersome and time consuming and not required by Fed. R. Civ. P. 20 to join the Defendants at the pleading stage, especially without adversarial presentation and the opportunity to conduct discovery. As such, Microsoft's Complaint alleges facts sufficient to find Defendants are properly joined. *Tamayo*, 526 F.3d at 1081.

### c. Microsoft's Well-Pleaded Allegations Also Satisfy Fed. R. Civ. P. 20(a)(2)(B)

Microsoft's well-pleaded allegations also satisfy Fed. R. Civ. P. 20(a)(2)(B), which provides that joinder is proper if "any question of law or fact common to all defendants will arise in the action." In this case, Defendants, without any authorization or license from Microsoft, have knowingly and willfully used, and continue to use, Microsoft's federally registered trademarks and/or copyrighted works in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet. [1] at ¶ 30.

Additionally, the methods Microsoft will use to investigate, uncover, and collect evidence about any infringing activity will be the same or similar for each Defendant. While each Defendant may later present different factual evidence to support individual legal defenses, prospective factual distinctions do not defeat the commonality in facts and legal claims that support joinder under Fed. R. Civ. P. 20(a)(2)(B) at this stage in the litigation. *See First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 251–52 (N.D. Ill. 2011) (Castillo, J.).

### d. Joinder of Defendants is Consistent with Fairness, Convenience, and Judicial Economy

Joinder at this stage also serves the important interests of convenience and judicial economy, leading to a just, speedy, and inexpensive resolution for Microsoft, Defendants, and this Court. Joinder does not create any unnecessary delay, nor does it prejudice any party. Alternatively, severance is likely to cause delays and prejudice Microsoft and Defendants alike. Defendants may be required to defend identical, concurrent lawsuits if severed prematurely into separate cases. *See* Trainor Dec. at ¶ 3. Additionally, the Federal Rules of Civil Procedure only apply to the extent that they "affect any party's substantial rights." Fed. R. Civ. P. 61; *see also Coach, Inc. v. 1941 Coachoutletstore.com*, 2012 WL 27918, at *4 (E.D. Va., 2012) ("even if the [operative complaint] contains insufficient claims to support joinder of all 356 [defendants], the Federal Rules of Civil Procedure only apply to the extent that they 'affect any party's substantial rights'"). Microsoft anticipates that Defendants will be individually subject to default, and "there is no prejudice to any defaulting defendant, whose liability may be established upon default irrespective of the presence of any other defendant." *Id*.; *see also Chrome Cherry Limited*, 2021 WL 6752296, at *1 ("The Court notes that no Defendants are prejudiced by permitting joinder at this juncture").

The resources of this Court, and other judges in this District, will be substantially taxed if Microsoft's claims against Defendants are severed into one lawsuit per infringing seller.

"Requiring the filing of separate complaints could flood the courts with thousands of additional single defendant Lanham Act cases, with no difference in resolution of nearly every case in a practical sense. The only thing that will inevitably occur is the slowdown of adjudications of other lawsuits, or the decrease of filings of cases which on their face have alleged plausible violations of the Lanham Act." *Bose Corp.*, 334 F.R.D. at 517, n.6.

Importantly, such impediments would also reduce the ability of Microsoft and other similarly-situated intellectual property rights holders to effectively protect their rights, and consumers, in a cost-effective manner. Due to the large number of sellers engaging in the infringing conduct identified in Microsoft's Complaint, requiring Microsoft to file a separate suit with a separate filing fee, with separate costs associated with each case, would at least heavily dampen, if not outright defeat, Microsoft's enforcement efforts. Requiring Microsoft to enforce its intellectual property in this manner would ensure Microsoft is practically devoid of any realistic procedural vehicle to enforce its intellectual property rights. *See Bose Corp.*, 334 F.R.D. at 517 ("This decision is also informed by practical considerations") and n.6.

Additionally, lawsuits, like the present one, are one of the few effective mechanisms for stopping and deterring online counterfeiting. Microsoft's well-pleaded allegations establish that Defendants are participating in the same unlawful occurrence or series of occurrences and that joinder is proper. [1] at ¶¶ 21-30. Microsoft (as well as other brand owners) would be severely prejudiced if it were required to file separate lawsuits simply because Defendants registered a particular e-commerce store using a different alias. *Shambour v. Carver County*, Civ. No. 14–566 (RHK/LIB), 2014 WL 3908334, at *6 (D. Minn. Aug. 11, 2014) ("In the matter at hand, joinder is proper because the alleged acts similarly support a larger allegation of a systemic problem and the

Court is persuaded that keeping [Plaintiff]'s claims together is not only permissible but preferable").

## III.    CONCLUSION

For the reasons set forth above, joinder of Defendants is proper. This approach is consistent with other analogous cases before other courts in this District and comports with the strongly encouraged policy of entertaining the broadest possible scope of action consistent with fairness to the parties.

Dated this 8th day of May 2024.                    Respectfully submitted,


                                                    /s/ Martin F. Trainor
                                                    Martin F. Trainor
                                                    Sydney Fenton
                                                    Richard Poskozim
                                                    Alexander Whang
                                                    TME Law, P.C.
                                                    10 S. Riverside Plaza
                                                    Suite 875
                                                    Chicago, Illinois 60606
                                                    708.475.1127
                                                    martin@tme-law.com
                                                    sydney@tme-law.com
                                                    richard@tme-law.com
                                                    alexander@tme-law.com

                                                    *Counsel for Plaintiff Microsoft Corporation*