IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| Microsoft Corporation, | Case Number: 24-cv-3255 |
| Plaintiff, | |
| v. | |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | Honorable Sunil R. Harjani |
| Defendants. | |

**DEFENDANTS' MOTION TO MODIFY THE ASSET RESTRAINT**

NOW COME the Defendants dearlovey, getnamenecklace, myinfinitys, roseinside, Beaustar, ("Defendants"), and respectfully request the Court modify the asset restraint immobilizing their businesses.

BACKGROUND

The Plaintiff has sued the Defendants for intellectual property infringement. Doc. 1. The Defendants are allegedly violating the Plaintiff's protected intellectual property rights via their online storefronts. *Id*. The Court granted the Plaintiff a Temporary Restraining Order, and then issued a

Preliminary Injunction on June 11, 2024. Docs. 23; 37.

Integral to the Plaintiff's injunctive relief is an asset restraint on the Defendants' store accounts. As the Declaration of the Defendants' principal XiaYang Lian explains, the asset restraint curbs withdrawal of any funds from the Defendants' accounts, regardless of whether they derive from lawful sales, ill-gotten gains, or unrelated income. *See* Declaration of XiaYang Lian attached here as Exhibit A at ¶ 19. As of this filing, there is over $325,593 restrained in the accounts. Exhibit A at ¶ 15. In contrast, the revenue of the accused items is $7270. Exhibit A at ¶ 17.

## ARGUMENT

I. The Asset Restraint Should Be Modified Due To The Irreparable, Ongoing Harm To The Defendants.

A preliminary injunction is a "drastic" remedy, proper only if the movant clearly carries the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). For that reason, a preliminary injunction should be tailored to the underlying violation. *Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt.*, 496 F.3d 769, 772 (7th Cir. 2007). Injunctive relief should aim "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). These principles embody the propriety of modifying the asset restraint here.

The Defendants' stores and their assets have been restrained since mid-May 2024. Doc. 23. Not surprisingly, the Defendants' liquidity, not to mention their ability to continue operations, has been suffocated. Exhibit A at ¶¶ 18-20. In fact, the funds represent the Defendants' lifeline, now severed. This epitomizes "irreparable harm." *See Win Win Aviation, Inc. v. Richland Cnty., S.C. Sheriff's Dep't*, No. 15-cv-50051, 2015 U.S. Dist. Lexis 32026 at *4 (N.D. Ill. Mar. 16, 2015) ("if plaintiff's business was no longer able to continue as a result . . . that would qualify as irreparable harm."). Here, it would be severely injurious to continue denying Defendants their revenue derived from lawful sales of products unrelated to the underlying litigation. Irreparable harm will thus persist if the restraint is not relaxed. With more than $325,593 frozen, the Defendants are irreparably harmed as a matter of law. Exhibit A at ¶ 15. Worse, that figure increases as the litigation continues. Such inequity should be alleviated.

II.  The Asset Restraint Should Be Limited To The Defendants' Revenues From The Accused Items.

Because minimizing hardship is the Court's lodestar, assets that are not the proceeds of counterfeiting activities may be exempted from an asset freeze. *Luxottica USA LLC v. The Partnerships, et al.*, No. 14-cv-9061, U.S. Dist. LEXIS 78961 (N.D. Ill. June 18, 2015). The Court's authority to restrain assets

3

is limited to those assets reasonably believed to be from ill-gotten gains. A court should thus not freeze assets solely to preserve a party's right to recover damages. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324-25 (1999). Rather, it may only freeze assets to the extent necessary to preserve the right to equitable relief. *Id.* at 325. A court may issue an asset restraint if necessary to preserve the plaintiff's right to an accounting, but may not limit assets to preserve a plaintiff's claim for statutory damages, which are not equitable. *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12-civ-6283-AJN, U.S. Dist. LEXIS 153137, at *13-14 (S.D.N.Y. Oct. 24, 2012).

Instructive in that regard is *Klipsch*. There, the court initially issued a $2 million asset restraint. *Klipsch*, U.S. Dist. LEXIS 153137 at *6. The defendant countered that only $691 worth of accused goods were sold into the United States, and $6,346 in global sales. *Id.* at *7. The *Klipsch* court concluded that its authority to freeze assets was limited to preserving an equitable accounting of the defendant's profits. *Id.* at *4. The defendant's PayPal accounts contained funds from "myriad worldwide sales" which the court refused to freeze despite intermingling with "modest proceeds from the sale of counterfeit goods." *Id.* at *28. The asset restraint was thus reduced to $20,000. *Id.* at *35-36.

In this District, modifications of asset restraints are trending. The Court

4

has found the revenues from accused products are "sufficient to protect Plaintiff's ability to recover whatever amount that it believes to be entitled to through any equitable remedy." *Roadget Bus. Pte. Ltd. v. The Individuals, et al.*, 24-cv-607, Doc. 69 (N.D. Ill. Apr. 4, 2024). A modification to the revenue obtained from the sale of each accused product was similarly approved in *Roadget Bus. Pte. Ltd. v. The Individuals, et al.*, No. 24-cv-115, Doc. 84 (N.D. Ill. May 30, 2024). As did the Court in *Roadget Bus. Pte. Ltd. v. The Individuals, et al.*, No. 24-cv-2015 (N.D. Ill. May 1, 2024), Doc. 64. Finally, a similar modification was granted in *CAO Group v. Individuals, et al.*, 24-cv-1211, Doc. 67 (N.D. Ill. May 20, 2024). These cases are just a snapshot of such determinations.

The Court should hold similarly here. The ongoing embargo has pushed Defendants to the brink. Again, the revenue related to the accused items is $7,270. Exhibit A at ¶ 17. The difference with the $325,593 frozen is not a gap but a chasm. The Court should modify the restraint to reduce the frozen assets to $7,270.

Otherwise, the Plaintiff will continue to wreak havoc by freezing entire balances of the Defendants' stores—even for profits from unrelated, non-infringing goods. This is an unwieldly, improvident, and inequitable method for arresting funds. It also overlooks the prospective aspect of an asset restraint.

5

Current and future proceeds earned by the Defendants are rendered untouchable due to the restraint. And this will continue for the life of the litigation. This is the antithesis of "minimizing hardship." Finally, the Plaintiff must prove the assets it seeks to siphon are likely from the sale of counterfeit wares. It cannot do so for past sales unrelated to the accused items, or the future proceeds of such sales.

## CONCLUSION

The asset restraint suspending the accounts of Defendants dearlovey, getnamenecklace, myinfinitys, roseinside, and Beaustar, and holding their businesses in abeyance should be modified to further equity. The asset restraint should thus be reduced to $7,270.

July 16, 2024                          Respectfully submitted,

                                       s/ Christopher Keleher

                                       The Keleher Appellate Law
                                       Group, LLC
                                       1 E. Erie St., Suite 525
                                       Chicago, IL 60611
                                       312-448-8491
                                       ckeleher@appellatelawgroup.com

                                       Lan Li
                                       Anchor Law LLC

6

1 E. Erie St., Suite 525

Chicago, IL 60611

312-718-6573

lan.li@anchorlawllc.com

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 16, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

s/ Christopher Keleher

Christopher Keleher

The Keleher Appellate Law Group, LLC

1 East Erie Street

Suite 525

Chicago, IL 60611

312-448-8491

ckeleher@appellatelawgroup.com